Filed in the DISTRICT COURT
Kay County, Oklahoma

AUG 1 3 2018

MARILEE THORNTON, Court Clerk
BY_____
                    DEPUTY

IN THE DISTRICT COURT IN AND FOR
KAY COUNTY, OKLAHOMA

| | | |
|---|---|---|
| PONCA MACHINE COMPANY, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. CJ-2018-149 |
| | § | |
| EMCASCO INSURANCE COMPANY, | § | |
| Defendant. | § | JURY DEMANDED |

## ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff, Ponca Machine Company, Inc. ("Ponca") files its Original Petition complaining of Emcasco Insurance Company ("EMC"), and would show:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Ponca, is an Oklahoma Corporation doing business in Kay County, Oklahoma.

2. Defendant, EMC, is an Iowa Corporation, doing business in Oklahoma. The present controversy arises out of EMC's activities which were directed at Plaintiff in Kay County, Oklahoma. Defendant can be served through the Oklahoma Secretary of State and may be served by mail at P.O. Box 712, Des Moines, Iowa 50306-0712.

3. This Court has jurisdiction pursuant to Oklahoma Constitution Article 7 § 7.

4. Venue is proper in Kay County, Oklahoma pursuant to 12 OKLA §12142.



## FACTUAL BACKGROUND

5. Plaintiff and Defendant entered into a contract to insure the real property located at 3913 Santa Fe St., Ponca City, OK from casualty loss. The contract was identified as policy number 4A3-48-23. The contract was in effect from May 3, 2016 to May 3, 2017.

6. On or about October 5, 2016, the property sustained a casualty loss as the result of a hailstorm, a covered loss. Plaintiff timely notified Defendant of the loss. Plaintiff then submitted estimates for the damage from third-parties to facilitate payment of the claim.

7. Defendant performed a negligent and incompetent investigation of the loss. On July 25, 2017, Defendant sent a letter denying coverage for the loss. The basis for the denial was that the retained engineer for Defendant concluded the damage was solely cosmetic in nature, and not functional, despite a conflicting report from the Plaintiff's engineer.

8. Defendant's refusal to pay the claim amounts to a breach of contract and its negligent and incompetent investigation of the claim

## COUNT I – Breach of Contract

9. Plaintiff incorporates the allegations contained in Paragraphs 5-8 as if set forth herein. Plaintiff and Defendant entered into a contract. Plaintiff fully performed all obligations under the Contract. Defendant failed and refused to perform under the Contract including, (1) failing to perform a proper investigation of the claimed loss; and (2) failing to indemnify Plaintiff for casualty losses. Plaintiff was damaged by Defendant's breach.

## COUNT II – Bad Faith

10. Plaintiff incorporates the allegations contained in Paragraphs 5-8 as if set forth herein. Defendant's conduct constitutes bad faith and intentional conduct, including:

   a. Failing to fully disclose to first party claimants, benefits, coverages, or other provisions of any insurance policy or insurance contract when such benefits, coverages or other provisions are pertinent to the claim;

   b. Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverage at issue;

   c. Failing to adopt and implement reasonable standards for prompt investigations of claims arising under the insurance policies or insurance contracts;

   d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and,

   e. Compelling, without just cause, the policyholders to institute suit to recover amounts due under its insurance policies or insurance contracts by offering substantially less than the amounts ultimately recovered in suits brought by the insured.

11. Further, Defendant failed to:

   a. Promptly provide (within 30 days) necessary claims forms, instruction, and reasonable assistance so that Plaintiff could comply with policy conditions;

   b. Promptly provide (within 45 days) acceptance or denial of the claim;

   c. Promptly complete the investigation (within 60 days) after notification of the loss;

12. Defendant's intentional failure to comply with its obligations caused damages to Plaintiff. Defendant is liable for punitive damages under 23 OKLA §9.1

### COUNT III – Attorney's Fees

13. Plaintiff prays for attorney's fees pursuant to 36 OKLA §1105, 36 OKLA §3629, 12 OKLA §936 and any other statute governing the claims contained herein.

### PRAYER

14. Plaintiff prays that Defendant be cited to appear and that upon hearing, Plaintiff be granted judgment for the following:

   a. Compensatory damages;

   b. Punitive damages;

   c. Pre-judgment and post-judgment interest;

   d. Attorney's fees; and,

   e. Any other relief to which Plaintiff is entitled in law or in equity.

Respectfully submitted,

/s/ *[signature]*
BENJAMIN D. DOYLE
Oklahoma State Bar No: 33346
J. DAREN BROWN
Oklahoma State Bar No: 30799
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
1800 S. Washington, Suite 307
Amarillo, TX 79102
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com

**COUNSEL FOR PLAINTIFF**